# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE THE CHEMOURS COMPANY SECURITIES LITIGATION | C.A. No. 1:19-CV-01911-CFC<br>Hon. Colm F. Connolly |
| This document relates to all actions. | <u>CLASS ACTION</u> |

## <u>NOTICE OF SUBSEQUENT AUTHORITY</u>

Pursuant to Local Rule 7.1.2(b), defendants The Chemours Company, Mark P. Vergnano, and Mark E. Newman respectfully submit the recent decision in *In re 3M Company Securities Litigation*, 2021 WL 4482987 (D. Minn. Sept. 30, 2021) (attached hereto as Exhibit A) as supplemental authority in support of their motion to dismiss (D.I. 35).

The court in *3M* dismissed an analogous securities fraud class action, which alleged that The 3M Company — one of the original manufacturers of PFAS — recorded insufficient accounting reserves for its potential PFAS liabilities. The *3M* plaintiffs had argued that the company's liabilities were "probable" and "reasonably estimable" — and thus necessitated accrual — due to prior settlements of similar claims, damages sought in PFAS litigation, and subsequent accruals. The District of Minnesota disagreed, holding that none of those factors mandated

{FG-W0489573.}

accrual or disclosure.  *Id.* at *10-11; *see* MTD Br.[1] at 20 (arguing that damages claims do not compel accounting disclosures).   The decision addresses several legal issues bearing upon the motion to dismiss pending in this action:

*First*, relying on Third Circuit authority, the District of Minnesota noted that accruals of contingent liability are protected statements of opinion under federal securities law.  *In re 3M*, 2021 WL 4482987, at *14 (citing *In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223, at *11 (D.N.J. Apr. 27, 2017), *aff'd*, 905 F.3d 106 (3d Cir. 2018)).  *See* MTD Br. at 25 (same, citing *In re Hertz*, 2017 WL 1536223, at *11); Reply Br. at 9 (same); Opp. Br. at 33 (arguing that Chemours's accruals were not statement of opinion).

*Second*, the District of Minnesota held that 3M's PFAS accruals fell within the Private Securities Litigation Reform Act's safe harbor for forward-looking statements, because "accruals are estimates of liabilities an entity will pay in the future."  *In re 3M*, 2021 WL 4482987, at *16.  *See* MTD Br. at 27-28 (same); Reply Br. at 10 (same); Opp. Br. 35 (arguing that accruals are not forward looking).

---

[1]  "MTD Br." refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss, D.I. 35; "Opp. Br." refers to the Memorandum of Law in Support of Lead Plaintiff's Opposition to Defendants' Motion to Dismiss, D.I. 37; "Reply Br." refers to the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss, D.I. 38.

*Third*, the District of Minnesota concluded that allegations of scienter with respect to 3M's PFAS accruals were undermined because the company's accounting determinations were "not sufficiently troublesome as to raise problems with [its] independent auditors."  *In re 3M*, 2021 WL 4482987, at \*20 (citing *Podraza* v. *Whiting*, 790 F.3d 828, 838 (8th Cir. 2015)).  *See* MTD Br. at 34 (same, citing *Podraza*, 790 F.3d at 838); Reply Br. at 13 (same); Opp. Br. at 44-45 (arguing that the opinions of "company-paid auditors" are irrelevant to scienter).

DATED:  October 19, 2021

OF COUNSEL:

WACHTELL, LIPTON, ROSEN
    & KATZ
51 West 52nd Street
New York, NY  10019
(212) 403-1000

Respectfully submitted,

FRIEDLANDER & GORRIS P.A.

*/s/ Joel Friedlander*
Joel Friedlander (Bar No. 3163)
Jeffrey Gorris (Bar No. 5012)
Christopher Foulds (Bar No. 5169)
1201 N. Market Street, Suite 2200
Wilmington, DE  19801
(302) 573-3500

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH
## <u>TYPEFACE REQUIREMENT LIMITATION</u>

This document complies with the type, font, and word limitations set forth in the Court's Standing Order Regarding Briefing in All Cases, as it is set in 14-point Times New Roman typeface.  The document contains 409 words as counted by Microsoft Word, excluding the case caption and signature block.

*/s/  Joel Friedlander*
Joel Friedlander (Bar No. 3163)