# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE THE CHEMOURS COMPANY SECURITIES LITIGATION | C.A. NO. 1:19-CV-01911-CFC<br>Hon. Colm F. Connolly |
| This document relates to all actions. | <u>CLASS ACTION</u> |

## <u>NOTICE OF SUBSEQUENT AUTHORITY</u>

Pursuant to Local Rule 7.1.2(b), defendants The Chemours Company, Mark P. Vergnano, and Mark E. Newman respectfully submit the recent decision in *In re The Chemours Company Derivative Litigation*, 2021 WL 5050285 (Del. Ch. Nov. 1, 2021) (attached hereto as Exhibit A) as supplemental authority in support of their motion to dismiss (D.I. 35).

At the core of this securities fraud action is the contention that in a 2019 Delaware action challenging the terms of its spin-off from DuPont, Chemours "admitted" it was "insolvent" and faced $2.5 billion of previously undisclosed environmental liabilities. Consolidated Class Action Complaint (D.I. 30) at ¶ 1. That same contention, and the same Delaware action, were also at the heart of a derivative case filed last year in the Delaware Court of Chancery by another set of plaintiffs, who sought to challenge the Chemours board's authorization of dividends and stock buybacks in light of Chemours' supposed insolvency. The derivative case was assigned to Vice Chancellor Glasscock, the same judge who

{FG-W0489909.}

had overseen Chemours' 2019 suit against DuPont and who was thus familiar with its allegations.

On November 1, 2021, Vice Chancellor Glasscock dismissed all claims in the derivative litigation, after concluding that the plaintiffs there had misconstrued Chemours' Delaware action against DuPont, which he referred to as the "*DuPont* Complaint." The Court's findings also dismantle the foundations of plaintiff's claims in this action:

*First*, plaintiff here has attempted to plead falsity and scienter by alleging that in the *DuPont* Complaint, Chemours "admitted that [defendants] were at all times certain of the vast gulf between their quantifications of [the company's] liabilities and the undisclosed truth." Opp. Br.[1] at 38; *see also id.* at 1, 3-7, 12, 14, 19 & n.4, 23, 25, 29, 31, 40, 41 (relying upon Chemours' "admissions" in alleging falsity and scienter).[2] Vice Chancellor Glasscock has now specifically rejected that misreading, concluding that the "*DuPont* Complaint was simply seeking to

---

[1] "MTD Br." refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss, D.I. 35; "Opp. Br." refers to the Memorandum of Law in Support of Lead Plaintiff's Opposition to Defendants' Motion to Dismiss, D.I. 37; "Reply Br." refers to the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss, D.I. 38.

[2] *See also* Lead Plaintiff's Response to Defendants' Notice of Subsequent Authority ("*3M* Letter," D.I. 46) at 1 (attempting to distinguish *In re 3M Company Securities Litigation*, 2021 WL 4482987 (D. Minn. Sept. 30, 2021) on the logic that "Defendants here have admitted in sworn, verified pleadings" that Chemours' liabilities "in fact totaled over $2.5 billion.").

2

enforce DuPont's putative liability for amounts that exceeded the [m]aximums DuPont certified in the [s]pin-[o]ff; <u>it was not admitting Chemours's liability for those amounts</u>." *In re The Chemours Co. Deriv. Litig.*, 2021 WL 5050285, at \*18 (emphasis added); *see also id.* (Chemours "<u>did not 'admit'</u> . . . that [it] was on the hook for any of the[] purported liability estimates") (emphasis added). *See* MTD Br. at 16-24 (same); Reply Br. at 4-5 (same).

*Second*, plaintiff here has also pointed to liability figures alleged in the *DuPont* Complaint as Chemours' "estimates" of liability, about which the company was "certain." Opp. Br. at 22; *see also 3M* Letter at 1-2. Summing up those "estimates," plaintiff contends that Chemours failed to disclose more than $2 billion in environmental liability. *Id.* The derivative plaintiffs adopted the same mistaken argument. Vice Chancellor Glasscock rejected it, observing that "most of the figures from the *DuPont* Complaint that the Plaintiffs rely on to arrive at their $2.56 billion calculation do not actually represent the Company's 'conservative estimates' of Chemours's contingent environmental liabilities," but were instead "estimates made by DuPont or demands from the claimants themselves." *In re The Chemours Co. Deriv. Litig.*, 2021 WL 5050285, at \*18. *See* MTD Br. at 20-22 (same); Reply Br. at 6 (same).

*Third*, like the derivative plaintiffs, plaintiff here has argued that the *DuPont* Complaint "admitted Chemours was legally 'insolvent,'" Opp. Br. at 6; *see also id.*

3

at 1-6, 11-14, 20-22, 25, 29, 31, 34, 36, 38-39, 44 (relying upon Chemours' purported insolvency to allege falsity and scienter); *3M* Letter at 1. Vice Chancellor Glasscock concluded that even though the derivative plaintiffs fully incorporated Chemours' prior pleadings (such as the *DuPont* Complaint) and specifically alleged that they supported an inference of insolvency — just like plaintiff in this action — that was not enough to "plead with particularity that [Chemours] was ever insolvent." *In re The Chemours Co. Deriv. Litig.*, 2021 WL 5050285, at *21. *See* MTD Br. at 11 (same).

In short, the Court of Chancery's decision squarely holds — contrary to plaintiff's telling here — that the pleading Chemours filed against DuPont cannot be read as an "admission" to insolvency or to billions in undisclosed environmental liabilities. As that erroneous contention is central to the claims in the securities action, and as the Court of Chancery itself has now rejected that myth, plaintiff cannot plausibly maintain its claims.

{FG-W0489909.}

DATED:  November 2, 2021

OF COUNSEL:

WACHTELL, LIPTON, ROSEN
      & KATZ
51 West 52nd Street
New York, NY  10019
(212) 403-1000

Respectfully submitted,

FRIEDLANDER & GORRIS P.A.

*/s/ Joel Friedlander*
Joel Friedlander (Bar No. 3163)
Jeffrey Gorris (Bar No. 5012)
Christopher Foulds (Bar No. 5169)
1201 N. Market Street, Suite 2200
Wilmington, DE  19801
(302) 573-3500

*Counsel for Defendants*

5

{FG-W0489909.}