## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE THE CHEMOURS COMPANY SECURITIES LITIGATION | C.A. NO. 1:19-CV-01911-CFC Hon. Colm F. Connolly |
| This document relates to all actions. | CLASS ACTION |

## <u>REPLY REGARDING NOTICE OF SUBSEQUENT AUTHORITY</u>

On November 5, 2021, plaintiff submitted five pages of argument directed at *In re The Chemours Company Derivative Litigation*, 2021 WL 5050285 (Del. Ch. Nov. 1, 2021) ("Pl.'s Response," D.I. 48). While defendants will not attempt to address all of the flaws in that filing, we write to highlight a fundamental error.

In its submission, plaintiff asserts that the Court of Chancery's decision has "no bearing" here because it "turned on whether or not Chemours was *technically* insolvent." Pl.'s Response at 2. That misstates the decision, which broadly rejected the "admissions" that plaintiff reads into Chemours' complaint. *See* D.I. 47 ("Defs.' Notice") at 2-3. It also misstates plaintiff's own pleadings, which present Chemours' purported admission of insolvency as the sole basis for alleging the falsity of nearly every challenged statement. MTD Br. at 19-24.[1]

---

[1] *See, e.g.*, Complaint ¶ 180 (alleging statements were false because "as Defendants have now admitted in the Verified Complaint, Chemours's . . . liabilities were so massive, amounting to <u>over 2.46 billion</u>, that they . . . rendered it <u>insolvent</u>"); *id.* ¶¶ 170, 190, 196, 203, 207, 213, 220, 225, 236, 244 (same).

Having disavowed the theory of liability advanced in the Complaint, plaintiff now claims that Chemours misstated something called "absolute maximum potential exposure."   Pl.'s Response at 3.   The Complaint pleads no such misstatement, however, because Chemours never purported to address the undefined, non-GAAP concept of "absolute maximum potential exposure."   *See* MTD Reply at 5-6.   And regardless, as the Court of Chancery has recognized, the $2.46 billion figure that plaintiff invokes as Chemours' "absolute maximum" exposure does not reflect the company's liability estimate, but is instead comprised largely of third-party litigation demands that need not be disclosed under GAAP.   *See* Defs.' Notice at 3.

Plaintiff's continued effort to rewrite its pleadings simply confirms the insufficiency of the Complaint.  The Court should grant dismissal.

DATED:  November 8, 2021

OF COUNSEL:

WACHTELL, LIPTON, ROSEN
    & KATZ
51 West 52nd Street
New York, NY  10019
(212) 403-1000

Respectfully submitted,

FRIEDLANDER & GORRIS P.A.

*/s/ Joel Friedlander*
Joel Friedlander (Bar No. 3163)
Jeffrey Gorris (Bar No. 5012)
Christopher Foulds (Bar No. 5169)
1201 N. Market Street, Suite 2200
Wilmington, DE  19801
(302) 573-3500

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH
## <u>TYPEFACE REQUIREMENT LIMITATION</u>

This document complies with the type, font, and word limitations set forth in the Court's Standing Order Regarding Briefing in All Cases, as it is set in 14-point Times New Roman typeface.  The document contains 255 words as counted by Microsoft Word, excluding the case caption and signature block.

*/s/  Joel Friedlander*
Joel Friedlander (Bar No. 3163)
