**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE THE CHEMOURS COMPANY SECURITIES LITIGATION | C.A. NO. 1:19-CV-01911-CFC<br>Hon. Colm F. Connolly<br><br><u>CLASS ACTION</u> |
| This Document Relates To:<br>    ALL ACTIONS. | |

**STIPULATION, JOINT MOTION, AND [PROPOSED] ORDER**
**STRIKING ALLEGATIONS AND, UPON RECONSIDERATION,**
**<u>GRANTING DISMISSAL WITH PREJUDICE</u>**

WHEREAS, on January 8, 2020, the Court appointed Plaintiff New York State Teachers' Retirement System as Lead Plaintiff, and approved Lead Plaintiff's selection of Saxena White P.A. as Lead Counsel, and Prickett Jones & Elliott, P.A., as Liaison Counsel for the Class (D.I. 20);

WHEREAS, on April 3, 2020, Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws and Jury Trial Demand against All Defendants (the "CAC") (D.I. 30);

WHEREAS, on August 24, 2020, Defendants filed their motion to dismiss the CAC pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss") (D.I. 34), in support of which they filed the declaration of Paul C. Kirsch (D.I. 36-1, Ex. 7; D.I. 42-10), a confidential witness to whom certain allegations in the CAC were attributed, which motion was fully briefed on December 21, 2020;

WHEREAS, on January 14, 2022, the Court held oral argument on Defendants' motion to dismiss, during which the Court requested supplemental letter briefing regarding certain issues raised by Defendants' motion which the Parties thereafter submitted (*see* D.I. 52-56);

WHEREAS, on February 24, 2022, the Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss (the "Dismissal Opinion and Order") (D.I. 57, 58), and specifically:  (i) dismissing Lead Plaintiff's claims concerning the majority of its alleged false statements in the CAC, in addition to two of the three alleged corrective disclosures in the CAC, thus substantially shortening the alleged Class Period; and (ii) sustaining Lead Plaintiff's remaining claims based solely on the CAC's allegations relating to information attributed to Mr. Kirsch (the "Kirsch Allegations") (CAC ¶¶ 127-33, ¶ 135, and those portions of CAC ¶¶ 114, 134, 214, 217, 221, 226, 237, and 245 referencing "CW 3");

WHEREAS, on February 24, 2022, the Court issued an order setting a scheduling conference pursuant to Federal Rule of Civil Procedure 16(b), in which the Court stated that it was "willing to consider staying the case pending the completion of a deposition of Mr. Kirsch" (D.I. 59);

WHEREAS, on March 10, 2022, Lead Plaintiff filed a motion for partial reconsideration of the Dismissal Opinion and Order, which sought reconsideration

2

4862-6213-5840, v. 1

of the Court's dismissal with respect to one of the alleged corrective disclosures in the CAC (D.I. 60);

WHEREAS, on March 24, 2022, the Parties appeared before the Court for the Rule 16(b) scheduling conference, during which the Court directed that Defendants produce certain presentations referenced in the Kirsch Allegations on or before March 30, 2022, and that Mr. Kirsch's deposition should be conducted on or before April 30, 2022, after which Defendants would be permitted to file a dispositive motion before any further discovery in the case would proceed;

WHEREAS, on March 30, 2022, Defendants produced presentations referenced in the Kirsch Allegations;

WHEREAS, on April 21, 2022, the deposition of Mr. Kirsch took place in Memphis, Tennessee;

WHEREAS, between April 26, 2022 and May 16, 2022, the Parties engaged in discussions regarding the factual and legal issues raised during Mr. Kirsch's deposition, the evidentiary record developed in the action, and potential future filings as anticipated in the Court's March 24, 2022 order;

WHEREAS, the Parties agree that the Parties and their respective counsel have fully complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to all aspects of this litigation to date;

3

4862-6213-5840, v. 1

WHEREAS, following the deposition of Mr. Kirsch, Lead Plaintiff has concluded that it can no longer maintain the Kirsch Allegations;

WHEREAS, the Parties agree that the Kirsch Allegations should be stricken from the CAC pursuant to Rule 12(f) of the Federal Rules of Civil Procedure;

WHEREAS, the Parties agree that if the Kirsch Allegations are stricken from the CAC, the remaining allegations of the CAC should be dismissed for failure to state a claim pursuant to the holdings of the Dismissal Opinion and Order;

WHEREAS, accordingly, if the Court determines to strike the Kirsch Allegations, the Parties also hereby jointly move for reconsideration of the Dismissal and Order under Rule 54(b) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between the Parties and their undersigned counsel, subject to the approval of the Court, as follows:

1.     Lead Plaintiff's motion for partial reconsideration (D.I. 60) is hereby WITHDRAWN.

2.     The Kirsch Allegations are hereby STRICKEN from the CAC, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure;

3.     In light of this material modification to the CAC, reconsideration of the Dismissal Opinion and Order is appropriate under Rule 54(b) of the Federal Rules of Civil Procedure;

4

4.      Upon reconsideration, the Motion to Dismiss is GRANTED and the claims are DISMISSED with prejudice, with each of the Parties to bear their own costs.

5.      Lead Plaintiff waives any appeal in connection with this action.

Dated: May 16, 2022

STIPULATED AND AGREED TO BY:

| | |
|---|---|
| **PRICKETT JONES & ELLIOTT, P.A** | **FRIEDLANDER & GORRIS P.A.** |
| /s/ *Bruce E. Jameson* | /s/ *Joel Friedlander* |
| Bruce E. Jameson (Bar No. 2931) | Joel Friedlander (Bar No. 3163) |
| Marcus E. Montejo (Bar No. 4890) | Jeffrey Gorris (Bar No. 5012) |
| 1310 King Street | Christopher Foulds (Bar No. 5169) |
| Wilmington, Delaware 19801 | 1201 N. Market Street, Suite 2200 |
| Telephone: (302) 888-6500 | Wilmington, DE 19801 |
| Facsimile: (302) 658-8111 | (302) 573-3500 |
| bejameson@prickett.com | |
| memontejo@prickett.com | *Counsel for Defendants* |
| | |
| *Liaison Counsel for the Class* | Jonathan M. Moses (pro hac vice) |
| | Noah B. Yavitz (pro hac vice) |
| Maya Saxena | **WACHTELL, LIPTON, ROSEN** |
| Lester R. Hooker | **& KATZ** |
| Dianne M. Pitre | 51 West 52nd Street |
| **SAXENA WHITE P.A.** | New York, NY 10019 |
| 7777 Glades Road, Suite 300 | (212) 403-1000 |
| Boca Raton, FL 33434 | |
| Telephone: (561) 394-3399 | *Of Counsel* |
| Facsimile: (561) 394-3382 | |
| msaxena@saxenawhite.com | |
| jwhite@saxenawhite.com | |
| lhooker@saxenawhite.com | |
| dpitre@saxenawhite.com | |

5

6

Steven B. Singer
Kyla Grant
**SAXENA WHITE P.A.**
10 Bank Street
White Plains, New York 10606
Telephone: (914) 437-8551
Facsimile: (888) 216-2220
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Counsel for Lead Plaintiff New York
State Teachers' Retirement System and
Lead Counsel for the Class*

SO ORDERED this __ day of May, 2022

Chief Judge Colm F. Connolly

6

4862-6213-5840, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, a copy of the foregoing Stipulation, Joint Motion, and [Proposed] Order Striking Allegations and, Upon Reconsideration, Granting Dismissal with Prejudice was served by CM/ECF upon all parties of record.

/s/  *Bruce E. Jameson*
Bruce E. Jameson (Bar No. 2931)