IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re The Chemours Company Securities Litigation* | Civil Action No. 19-1911-CFC CLASS ACTION |

## ORDER

At Wilmington on this Twenty-first day of June in 2022:

WHEREAS the Private Securities Litigation Reform Act of 1995 requires that the Court, "upon final adjudication of the action, . . . include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion[,]" 15 U.S.C. § 78u–4(c)(1);

WHEREAS Rule 11(b) requires "an inquiry reasonable under the circumstances" before "presenting to the court a pleading[,]" Fed. R. Civ. P. 11(b);

WHEREAS Lead Plaintiff included in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the Complaint, D.I. 30) quotes and facts attributable to "the former President of the Fluoroproducts business at Chemours" later identified as Mr. Paul Kirsch, D.I. 30 ¶¶ 127–32;

WHEREAS the Court denied Defendants' Motion to Dismiss the Complaint (D.I. 34) only "[t]o the extent Plaintiff's claims rest on" Defendants' belief that certain "statements were false based on their knowledge of the contents of a report and presentations made by [Kirsch]," D.I. 58 ¶ 1;

WHEREAS, pursuant to the Court's Memorandum Order of May 19, 2022 (D.I. 74), Lead Plaintiff filed the Notice of Filing of Transcript of Deposition of Paul Kirsch and Exhibits Thereto (D.I. 76); the transcript of the deposition and sealed exhibits thereto (D.I. 77); and unsealed exhibits to such transcript (D.I. 78);

WHEREAS Kirsch testified that his presentation to the Board of Chemours about the Corporate Responsibility Commitment—the presentation Lead Plaintiff's Complaint described as an "exhaustive presentation in the spring of 2018 . . . showing that remediation across all of Chemours'[s] problematic sites would cost $2 billion[,]" D.I. 30 ¶ 127—described a program with the purposes of (1) "get[ting] out ahead of . . . any regulatory changes that we couldn't see coming" and (2) "create[ing] an advantage in the market . . . so we could attract new business[,]" D.I. 77 at 187:20–189:7;

WHEREAS Kirsch testified that his only substantive communications with Lead Plaintiff's investigators was a "short" meeting in New York, NY, D.I. 77 at 102:8, 109:13–110:5, and that Kirsch never saw the Complaint before Lead Plaintiff filed the Complaint with this Court, D.I. 77 at 352:15–21;

ii

WHEREAS Kirsch testified that he was under the impression that Lead Plaintiff's investigators led a "government investigation," D.I. 77 at 103:22–104:8, and that "[Kirsch is] not sure [he] felt like [he] had a lot of choice, whether to go [meet with the investigators] or not," D.I. 77 at 105:12–22;

WHEREAS Kirsch testified that he did not recall that he told Lead Plaintiff's investigators much of what was attributed to Kirsch in the Complaint, *see, e.g.*, D.I. 77 at 137:3–10, 137:25–138:7, 143:5–8, 166:15–22; and

WHEREAS Lead Plaintiff wrote to the Court that "[Lead] Plaintiff is prepared to submit additional materials to the Court at or in advance of the August 2, 2022 status conference that establish the reasonableness of its investigation with respect to Mr. Kirsch . . . as well as its good faith basis for the specific allegations pertaining to Mr. Kirsch that were included in the [Complaint]."

Now therefore, IT IS HEREBY ORDERED that:

1.      Lead Plaintiff shall, on or before Friday, July 8, 2022, file with the Court and provide the Court with hard copies of such "materials . . . that establish the reasonableness of its investigation with respect to Mr. Kirsch . . . as well as its good faith basis for the specific allegations pertaining to Mr. Kirsch that were included in the [Complaint]";

iii

2.      Lead Plaintiff shall be prepared to discuss such "materials" during the status conference with the parties already scheduled for August 2, 2022, at 1:00 PM in Courtroom 4B; and

3.      The parties shall continue to preserve such documents and other materials as may be relevant to the Court's review of the compliance of the parties and their attorneys with Rule 11(b).

_____

CHIEF JUDGE

iv